UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CHRISTOPHER ANDRESKI,

*Plaintiff*,

v.

DEPARTMENT OF JUSTICE,

*Defendant*.

Civil Action No. 25 - 2977 (LLA)

### MEMORANDUM OPINION AND ORDER

In November 2025, the court *sua sponte* dismissed Plaintiff Christopher Andreski's pro se complaint for failure to comply with Federal Rule of Civil Procedure 8(a), but the court permitted Mr. Andreski to file an amended complaint within thirty days. ECF No. 40. Mr. Andreski thereafter filed an amended complaint, ECF No. 51, a supplement to his complaint, ECF No. 52, and various motions, ECF Nos. 44, 45, 46, 47, 50, 53, 55, 63. The court will dismiss Mr. Andreksi's amended complaint for failure to comply with Rule 8(a)—this time with prejudice—and it will deny his outstanding motions.

Complaints by pro se litigants are held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Pro se litigants nonetheless must follow the Federal Rules. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) requires that a complaint include: (1) "a *short* and *plain* statement of the grounds for the court's jurisdiction," (2) "a *short* and *plain* statement of the claim showing that the pleader is entitled to relief," and (3) "a demand for the relief sought." Fed. R. Civ. P. 8(a)(1)-(3) (emphases added); *see id.* R. 8(d)(1) (requiring "simple, concise, and direct" allegations). These rules ensure that

defendants have "notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A complaint that is "excessively long, rambling, disjointed, incoherent, or full of irrelevant and confusing material," or one that "contains an untidy assortment of claims that are neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and personal comments," fails to meet Rule 8's pleading standards. *Jiggetts v. District of Columbia*, 319 F.R.D. 408, 413 (D.D.C. 2017), *aff'd sub nom.*, *Cooper v. District of Columbia*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017) (quoting *T.M. v. District of Columbia*, 961 F. Supp. 2d 169, 174 (D.D.C. 2013)). And a court may dismiss a complaint that fails to adhere to the requirements of Rule 8 either upon a motion or sua sponte. *See* Fed. R. Civ. P. 41(b); *see also Ciralsky v. Cent. Intel. Agency*, 355 F.3d 661, 669 (D.C. Cir. 2004) (noting that "Rule 41(b) authorizes the court to dismiss either a claim or an action because of the plaintiff's failure to comply with the Federal Rules").

The court will again sua sponte dismiss Mr. Andreski's amended complaint because it fails to meet Rule 8's pleading standard for largely the same reasons stated in the court's previous opinion. ECF No. 40, at 2-6. Mr. Andreski again alleges a wide-ranging conspiracy of various unnamed individuals engaged in "harmful terrorizing racketeering retaliation attacks," including, among other things, spying on Mr. Andreksi with drones, ECF No. 51, at 17, impeding his rehabilitation and medical treatment, *id.* at 8-9, and subjecting him to searches by women apparently wearing the uniforms of court security officers and working in federal courthouses as

a "ruse," *id.* at 23.[1]  Such allegations still do not enable the court to discern the substance of Mr. Andreski's claims or determine whether, if true, his allegations would entitle him to relief. *See Brown v. Wash. Metro. Area Transit Auth.*, 164 F. Supp. 3d 33, 35 (D.D.C. 2016).  And there are still "no well-pled factual allegations that describe this . . . streak of unlawful conduct with any degree of detail capable of providing 'fair notice' to Defendants as to the basis of this action." *Dalbis v. Pub. Emps. of Sec. & Intel. Servs. of France & Eur.*, No. 24-CV-1434, 2024 WL 3338802, at *1 (D.D.C. July 9, 2024).

At this point, the court does not find that further opportunities to amend will save Mr. Andreski's claims.  Accordingly, the court will dismiss his complaint with prejudice.  *See Brown*, 164 F. Supp. 3d at 35 (explaining that a court may dismiss with prejudice when the amended complaint "merely recycles" the original complaint).  That dismissal renders most of Mr. Andreski's outstanding motions moot, and the court will deny them as such.  *See Doe v. United States*, No. 25-CV-1229, 2025 WL 1895607, at *1 (D.D.C. July 7, 2025).[2]  A contemporaneous order will issue.

---

[1] Several of Mr. Andreski's allegations appear to stem from a dispute about his benefits as a former federal employee.  He previously filed a similar federal suit related to the denial of benefits, which was also dismissed for failure to comply with Federal Rule of Civil Procedure 8.  *Andreski v. U.S. Dep't of Lab.*, No. 24-CV-699 (W.D. Mich. Aug. 13, 2024), ECF No. 16 (recommending dismissal for failure to provide a short and plain statement); *id.* ECF No. 21 (adopting recommendation and ordering Mr. Andreski to file an amended complaint); *id.* ECF No. 28 (recommending dismissal of the case with prejudice for failing to comply with the court's order and for failure to "set forth any actionable legal claims"); *id.* ECF No. 30 (adopting recommendation and dismissing case with prejudice).

[2] Mr. Andreski has filed a motion for reconsideration, ECF No. 46, and a motion to reopen the case, ECF No. 47, which appear to be requests that the court reconsider its order denying his earlier motions as moot when it dismissed his initial complaint, ECF No. 40.  The court had previously dismissed those motions as moot because, having dismissed Mr. Andreski's complaint, there was no operative complaint.  Because the court will dismiss his amended complaint, those earlier motions remain moot.  The court will accordingly deny Mr. Andreski's motion for reconsideration, ECF No. 46, and motion to reopen, ECF No. 47.

**SO ORDERED.**

                                                            LOREN L. ALIKHAN
                                                            United States District Judge

Date:   February 17, 2026