**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

CHRISTOPHER ANDRESKI,

*Plaintiff*,

v.

DEPARTMENT OF JUSTICE,

*Defendant*.

Civil Action No. 25 - 2977 (LLA)

## MEMORANDUM OPINION AND ORDER

On November 25, 2025, the court dismissed Plaintiff Christopher Andreski's pro se complaint against the U.S. Department of Justice and other unidentified entities or individuals. ECF No. 40.  The court concluded that Mr. Andreski's complaint failed to comply with Federal Rule of Civil Procedure 8(a) because, "even construing the complaint and accompanying documents liberally, the Court [was] unable to identify what cognizable harm [Mr. Andreski] has suffered, who caused him that harm, and how the law entitles him to any relief." *Id.* at 5 (quoting *Dalbis v. Pub. Emps. of Sec. & Intel. Servs. of Fr. & Eur.*, No. 24-CV-1434, 2024 WL 3338802, at *1 (D.D.C. July 9, 2024)).  The court also found that the various materials appended to Mr. Andreski's complaint did not cure this deficiency. *Id.* at 4.  The court accordingly dismissed Mr. Andreski's complaint and denied his pending motions as moot but gave Mr. Andreski the opportunity to file an amended complaint on or before December 31, 2025. *Id.* at 6.  The court warned Mr. Andreski that if he filed another complaint with the same defects as his original complaint, the court might dismiss his amended complaint with prejudice. *Id.*

Between November 2025 and January 2026, Mr. Andreski filed several additional motions and exhibits.  *See* ECF Nos. 41, 42, 44 to 47, 50, 52, 53, 55, 63.  He also filed an amended complaint.  ECF No. 51.  On February 17, 2026, the court dismissed Mr. Andreski's amended complaint for failure to comply with Rule 8 and dismissed the case with prejudice.  ECF Nos. 65, 66.  The court explained that while Mr. Andreski "again allege[d] a wide-ranging conspiracy of various unnamed individuals," the scattered allegations "d[id] not enable the court to discern the substance of Mr. Andreski's claims or determine whether, if true, his allegations would entitle him to relief."  ECF No. 65, at 2-3.  The court found that further opportunities to amend would not "save Mr. Andreski's claims" and accordingly concluded that it was appropriate to dismiss the case with prejudice.  *Id.* at 3.

On February 25, Mr. Andreski filed a two-page motion asking the court to reopen his case and grant the five additional motions that he sought leave to file.  ECF No. 67; *see* ECF Nos. 68 to 72.  He later sought leave to file five additional motions, ECF Nos. 75 to 79, and proof of service, ECF No. 73.  The court granted leave to file, *see* June 22, 2026 Minute Order, and those motions have all been docketed, *see* ECF No. 80 (motion for a temporary restraining order); ECF No. 81 (motion for judicial notice); ECF No. 82 (motion for appointment of counsel); ECF No. 83 (motion for judicial notice) ECF No. 84 (motion for injunctive relief); ECF No. 86 (sealed motion for appointment of counsel); ECF No. 87 (sealed motion for judicial notice); ECF No. 88 (sealed motion for judicial notice); ECF No. 89 (motion for appointment of counsel); ECF No. 90 (sealed motion for appointment of counsel); *see also* ECF No. 85 (proof of service).  The court construes Mr. Andreski's request to reopen the case, ECF No. 67, as a motion for relief from judgment under Federal Rule of Civil Procedure 60(b).  It will deny the motion, and it will deny his additional pending motions as moot.

Under Rule 60(b), the court may "relieve a party . . . from a final judgment" for one of six reasons: (1) "mistake, inadvertence, surprise, or excusable neglect"; (2) "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)"; (3) "fraud . . . , misrepresentation, or misconduct by an opposing party"; (4) "the judgment is void"; (5) "the judgment has been satisfied, released, or discharged" or applying it would "no longer [be] equitable"; or (6) "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1)-(6). "In considering a[ny] Rule 60(b) motion, the district court 'must strike a "delicate balance between the sanctity of final judgments . . . and the incessant command of a court's conscience that justice be done in light of *all* the facts."'" *People for the Ethical Treatment of Animals v. U.S. Dep't of Health & Hum. Servs.*, 901 F.3d 343, 354-55 (D.C. Cir. 2018) ("*PETA*") (second alteration in original) (quoting *Twelve John Does v. District of Columbia*, 841 F.2d 1133, 1138 (D.C. Cir. 1988)). Motions for reconsideration are disfavored and granted only in extraordinary cases. *Cornish v. Dudas*, 813 F. Supp. 2d 147, 148 (D.D.C. 2011).

Mr. Andreski fails to allege that any of the first five grounds under Rule 60(b) apply in this case. He does not allege any legal error, discovery of new evidence, fraud, or other circumstance that could authorize the court to grant relief from final judgment. *See generally* ECF No. 67. That is sufficient to deny relief under Rule 60(b)(1) through (5). *See Akosile v. Armed Forces Ret. Home*, 141 F. Supp. 3d 75, 88 (D.D.C. 2015) (noting that while courts must construe pro se filings liberally, "a pro se litigant 'cannot generally be permitted to shift the burden of litigating his case to the courts'" (quoting *Dozier v. Ford Motor Co.*, 702 F.3d 1189, 1194 (D.C. Cir. 1983)).

Rule 60(b) also includes "a 'catchall' provision" that "allows a district court to reopen a case for 'any other reason that justifies relief.'" *BLOM Bank SAL v. Honickman*, 605 U.S. 204, 210 (2025) (quoting *Kemp v. United States*, 596 U.S. 528, 533 (2022)). But Rule 60(b)(6)

"provides only grounds for relief not already covered by the preceding five [Rule 60(b)] paragraphs," and is "available only in narrow circumstances." *Id.* at 211.  While a court retains discretion to grant a Rule 60(b)(6) motion, *Jones v. U.S. Dep't of Just.*, 315 F. Supp. 3d 278, 279-80 (D.D.C. 2018), it should do so "sparingly" and only under "extraordinary circumstances," *PETA*, 901 F.3d at 355 (first quoting *Good Luck Nursing Home, Inc. v. Harris*, 636 F.2d 572, 577 (D.C. Cir. 1980); then quoting *Ackermann v. United States*, 340 U.S. 193, 199 (1950)).  "Examples of the limited circumstances where relief under Rule 60(b)(6) is appropriate include an adversary's failure to comply with a settlement agreement which was incorporated in a court's order, fraud by 'the party's own counsel, by a codefendant, or by a third-party witness[,]' or 'when the losing party fails to receive notice of the entry of judgment in time to file an appeal.'"  *Green v. Am. Fed'n of Lab. & Cong. of Indus. Orgs.*, 287 F.R.D. 107, 109 (D.D.C. 2012), (alteration in original) (quoting 11 Charles Alan Wright et. al., *Federal Practice and Procedure* § 2864 (2d ed. 1995)), *aff'd*, No. 13-7009, 2013 WL 3357816 (D.C. Cir. May 31, 2013).  "Importantly, a Rule 60(b)(6) motion is 'not simply an opportunity to reargue facts and theories upon which a court has already ruled.'"  *Avila v. Dailey*, 404 F. Supp. 3d 15, 27 (D.D.C. 2019) (quoting *Black v. Tomlinson*, 235 F.R.D. 532, 533 (D.D.C. 2006)).  Because Mr. Andreski makes no such extraordinary allegations, and instead seeks to reargue theories upon which the court has already ruled, there is no basis for the court to reconsider its dismissal.

For the foregoing reasons, it is hereby **ORDERED** that Mr. Andreski's motion for relief from judgment, ECF No. 67, is **DENIED**.  It is further **ORDERED** that his motions for a temporary restraining order, ECF No. 80; for judicial notice, ECF Nos. 81, 83, 87, 88; for appointment of counsel, ECF Nos. 82, 86, 89, 90; and for injunctive relief, ECF No. 84, are **DENIED** as moot.

**SO ORDERED.**

LOREN L. ALIKHAN
United States District Judge

Date:   July 2, 2026